UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

           **Hon. Hugh B. Scott**

    v.           10CR15A

           **DECISION
           & ORDER**

Graig Pavis,
           Defendants.

Before the Court is the omnibus motions filed on behalf of defendant Graig Pavis (Docket No. 180).[1]

**Background**

On February 25, 2010, the Grand Jury for the Western District of New York issued a Superceding Indictment charging defendants Wesley Albert ("Albert"), Stephen Catone ("Catone"), Joseph Tomasino ("Tamasino") Stephanie Eberz ("Eberz") and Craig Pavis ("Pavis") with conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)((1)(A) and 846. [Count 1]. Albert was further charged with possession with the intent to distribute cocaine on March 19, 2009 in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C)

---

[1] To the extent the motion seeks dispositive relief, such requests are the subject of a separate Report & Recommendation.

1

[Count 2]; the manufacture and possession with intent to distribute marijuana plants in violation 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) [Count 3]; and using 2546 Niagara Falls Boulevard for the purpose of distributing and using cocaine [Count 5]. Catone was charged with using 2546 Niagara Falls Boulevard for the purpose of distributing and using cocaine in violation of 21 U.S.C. §§856(a)(1) and 856(a)(2) [Count 4]. Tomasino was also charged with using 6935 Ward Road for the purpose of unlawfully storing, distributing and using cocaine in violation of 21 U.S.C. §856(a)(2) [Count 6]. Eberz was also charged with using 2505 Tonawanda Creek Road for the purpose of storing and distributing cocaine in violation of 21 U.S.C. §856(a)(2) [Count 7]; and in making a materially false statement to the Federal Bureau of Investigation on January 15, 2010 in violation of 18 U.S.C. § 1001(a)(2) [Count 8]. Finally, forfeiture allegations were asserted against Catone and Tomasinio pursuant to 21 U.S.C. §853.

Defendants Albert, Catone, Tomasino and Eberz have all entered guilty pleas to various charges in this case. The motion filed on behalf of defendant Pavis is the sole remaining motion seeking pretrial relief in this case.

**Discovery**

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided much of the discovery sought by the defendant. At the time of the oral argument, the parties did not identify any outstanding discovery issues.

## Brady & Jencks Material

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government states that it is aware of its obligations under Brady and the Jencks Act, and that it the defendant has already received statements of potential witnesses in connection with voluntary discovery in this matter. (Docket No. 182 at ¶¶ 7-8).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process

4

requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Bill of Particulars**

The defendant seeks a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above,

5

there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, the Court finds that defendant is not entitled to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

### Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

### Rule 404(b), 608 and 609 Material

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence.

Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the

6

defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." With respect to the requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

The government is directed to comply with Rules 404(b), 608 and 609 to the extent that they apply to this case.

## Preservation of Evidence and Rough Notes

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

## Severance

The defendant seeks severance of any trial in this case from the trials relating to any co-defendants. (Docket No. 180 at page 16). Inasmuch as all other defendants have entered pleas

resolving the charges against them prior to trial, this request is moot.

## Conclusion

The defendant's omnibus motion (Docket No. 180) is granted in part and denied in part consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 15, 2012